UNITED STATES DISTRICT COURT
For the District of Maine

| | |
|---|---|
| ESTATE OF TESSA HAUSER,<br><br>    Plaintiff<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant | ) ) ) ) ) ) ) ) ) ) ) ) ) | COMPLAINT FOR WRONGFUL DEATH<br><br>Case No.: |

NOW COMES Plaintiff, by and through undersigned counsel, and complains against Defendant as follows:

**PARTIES**

1. Plaintiff, the Estate of Tessa L. Hauser (the "Estate"), by and through its personal representative Debra McCue, is authorized to prosecute this civil action on behalf of the Estate. At all material times Tessa L. Hauser was present in the Town of Hampden, County of Penobscot, State of Maine.

2. Defendant operates a health care facility known as the Brewer Medical Center in the Town of Brewer, County of Penobscot, Maine, which is a Department of Health and Human Services Center for Medicare and Medicaid Services. Penobscot Community Health Care d/b/a the Brewer Medical Center in Brewer, Maine, as a rural medical clinic which at all material times was designated a Federally Qualified Health Center by the Department of Health and Human Services, Centers for Medicare and Medicaid Services. Defendant, the United States of

America, is the named Defendant by virtue that the United States Department of Health and Human Services federally qualifies medical clinics in the United States and provides federal funding to these clinics. The United States of America is the proper defendant in this case under the Federal Tort Claims Act, 28 U.S.C. §2671.

## JURISDICTION

3. Plaintiff hereby incorporates paragraphs 1-2 as though fully set forth herein.

4. This court is conferred with jurisdiction over this matter in accordance with federal law, specifically the Federal Tort Claims Act, 28 U.S.C § 1336.

5. Under section 224 of the Public Health Service (PHS) Act (42 U.S.C. § 233), as amended by the Federally Supported Health Centers Assistance Act of 1992 and 1995, employees of eligible health centers like the Penobscot Community Health Care d/b/a the Brewer Medical Center are deemed federal employees for the purposes of the Federal Tort Claims Act for acts or omissions in the performance of medical related functions resulting in personal injury, including death, and occurring within the scope of employment.

6. An attorney representing the Plaintiff timely submitted to the Department of Health and Human Services ("DHHS") a Notice of Claim form, which was submitted more than six months ago, specifically on October 30, 2023.

7. Venue is proper in the District of Maine pursuant to 28 U.S.C. § 1402(b) because the Plaintiff resides in Hampden, which is within this judicial district.

8. Pursuant to Local Rule 3(b), this action has been properly filed in Bangor because the events giving rise to this claim occurred in Penobscot County.

## FACTS

9. Plaintiff hereby incorporates paragraphs 1-8 as though fully set forth herein and elaborates as folllows. Tessa Hauser was a 37 year old mother who suffered from depression, addiction, and subsequent co-occuring mental health struggles.

10. In the operation of the Brewer Medical Center in Brewer, Maine, the Defendant held itself out as a health care facility in which Defendant's employees would use that degree of care, skill, diligence and attention exercised by hospitals generally.

11. On or about November 22, 2022, the Brewer Medical Center was providing critical medical services to members of the Penobscot County community and Tessa Hauser was a resident in Penobscot County.

12. At all material times, the Brewer Medical Center was operated by the Defendant, and Defendant acted through employees, including doctors, physician's assistants, nurses and other personnel over which Defendant exercised control and supervision.

13. At all material times, Hailey A. Geoghegan, FNPC, Caitlin Huff and Stephanie Cole were employees of the Brewer Medical Center over whom Defendant exercised control and supervision.

14. On or about November 20, 2022, Tessa Hauser was hospitalized twice for back to back drug overdoses.

15. St. Joseph's Hospital Emergency Department held Tessa Hauser overnight after her second overdose and discharged her on November 21, 2022, at approximately 1:00 pm to follow-up the next day with her primary care physician at Brewer Medical Center to obtain care and treatment for her addiction, withdrawal and mental state.

16. On November 22, 2022, Tessa Hauser was under the care of employees of the Brewer Medical Center operated by Defendant.

17. On November 22, 2022, when Tessa Hauser arrived at Brewer Medical Center for her appointment, employees of Defendant, including but not limited to Hailey E. Geoghegan, Caitlin Huff and Stephanie Cole at Brewer Medical Center, had an affirmative duty to evaluate her and provide treatment to her for addiction, withdrawal symptoms, and her state of mind, including providing psychiatric evaluation and treatment, residential treatment options, or involuntarily committing her for her mental illness because she posed a danger to herself.

18. On or about November 22, 2022, the Brewer Medical Center breached its duty to provide medical care and treatment pursuant to applicable standards of medicine, specifically providers and employees of the Brewer Medical Center failed to see, evaluate, assess, treat, or involuntarily commit Tessa Hauser, instead allowing her leave the facility whereupon she died from a drug overdose hours later.

## COUNT I - NEGLIGENCE/WRONGFUL DEATH

## 18-C M.R.S. § 2-807

19. Plaintiff hereby incorporates paragraphs 1-18 as though fully set forth herein.

20. At all material times the Brewer Medical Center agents, providers, and employees were acting within the scope of their employment and under the supervision and control of Defendant.

21. The Brewer Medical Center employees carelessly and negligently breached the applicable standard of medical care for medical providers by carelessly and negligently failing to provide medical care and treatment to Tessa Hauser despite her prescheduled appointment, vulnerable state, and medical necessity that she be seen, evaluated and treated.

22. Brewer Medical Center employees negligently failed to provide care and treatment to Tessa Hauser, including evaluate her, assess her, treat her and involuntarily commit her even though she posed a clear and present danger to herself.

23. Tessa Hauser experienced conscious suffering by being denied medical care, evaluation, and treatment at a time when she was most vulnerable and in need of medical care, evaluation, and treatment, and this conscious suffering continued until the time of her death.

24. Tessa Hauser died from an overdose of drugs later that day, November 22, 2022.

25. The careless and negligent failure of the staff of Brewer Medical Center to provide the required standard of care for medical care providers to Tessa Hauser including evaluation and treatment proximately caused Tessa Hauser to experience conscious suffering and death until a subsequent drug overdose hours later.

26. As direct and proximate result of Defendant's careless and negligent conduct Tessa L. Hauser suffered an untimely death and her survivors experienced severe emotional distress for which Plaintiff demands judgment in the amount of $750,000.00 dollars in the claim of WRONGFUL DEATH in accordance with statutory limitations, including statutory interest and costs.

27. As a direct and proximate result of the careless and negligent conduct of Defendant's employees, Tessa L. Hauser experienced CONSCIOUS PAIN AND SUFFERING prior to her untimely death for which Plaintiff demands judgment in the amount of $500,000.

28. The United States of America is legally responsible for the negligence of employees Geoghegan, Huff, Cole, and others at the Brewer Medical Center involved in the failure to provide care and treatment to Tessa Hauser.

**PRAYER FOR RELIEF**

WHEREFORE, Debra McCue, as Personal Representative of the Estate of Tessa Hauser, on behalf of the estate and survivors requests that judgment be entered in favor of the Plaintiff and

against the Defendant for damages, which this Court deems reasonable, together with interest and costs.

Dated: 11/18/2024                                           COUNSEL FOR PLAINTIFF,


/s/ *Daniel K. McCue*
_____
Daniel K. McCue, Esq.
Maine Bar #6448
McCue Law Office, LLC
40 Western Ave.
Hampden, ME 04444
207-862-5290
mccuelawofficellc@roadrunner.com