UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DEBRA McCUE, PERSONAL REPRESENTATIVE )<br>OF THE ESTATE OF TESSA HAUSER, )<br>                                                  )<br>    Plaintiff                                     )<br>                                                  )<br>v.                                              )<br>                                                  )<br>UNITED STATES OF AMERICA,            )<br>                                                  )<br>    Defendant                              ) | 1:24-cv-00391-SDN |

**AMENDED COMPLAINT**

NOW COMES Plaintiff, by and through undersigned counsel, and complains against Defendant as follows:

**PARTIES**

1. Plaintiff Debra McCue, Personal Representative of the Estate of Tessa L. Hauser (the "Estate"), is authorized to prosecute this civil action on behalf of the Estate.

2. At all material times, Tessa L. Hauser was present in the Town of Hampden, County of Penobscot, State of Maine.

3. Defendant operates a health care facility known as Brewer Medical Center in the Town of Brewer, County of Penobscot, Maine, which is a Department of Health and Human Services Center for Medicare and Medicaid Services. Penobscot Community Health Care d/b/a Brewer Medical Center in Brewer, Maine, is a rural medical clinic which at all material times was designated a Federally Qualified Health Center by the Department of Health and Human Services, Centers for Medicare and Medicaid Services.

4. Defendant, the United States of America, is the named Defendant by virtue that the United States Department of Health and Human Services federally qualifies medical

clinics in the United States and provides federal funding to these clinics. The United States of America is the proper defendant in this case under the Federal Tort Claims Act, 28 U.S.C. §2671.

## JURISDICTION

5. Plaintiff hereby incorporates paragraphs 1-4 as though fully set forth herein.

6. This Court is conferred with jurisdiction over this matter in accordance with federal law, specifically the Federal Tort Claims Act, 28 U.S.C. § 1336.

7. Under section 224 of the Public Health Service (PHS) Act (42 U.S.C. § 233), as amended by the Federally Supported Health Centers Assistance Act of 1992 and 1995, employees of eligible health centers like the Penobscot Community Health Care d/b/a Brewer Medical Center are deemed federal employees for the purposes of the Federal Tort Claims Act for acts or omissions in the performance of medical related functions resulting in personal injury, including death, and occurring within the scope of employment.

8. An attorney representing the Plaintiff timely submitted to the Department of Health and Human Services ("DHHS") a Notice of Claim form, which was submitted more than six months ago, specifically on October 30, 2023.

9. Venue is proper in the District of Maine pursuant to 28 U.S.C. § 1402(b) because the Plaintiff resides in Hampden, which is within this judicial district.

10. Pursuant to Local Rule 3(b), this action has been properly filed in Bangor because the events giving rise to this claim occurred in Penobscot County.

## GENERAL ALLEGATIONS

11. Plaintiff hereby incorporates paragraphs 1-10 as though fully set forth herein.

12. Tessa Hauser was a 37-year-old mother who suffered from depression, addiction, and subsequent co-occurring mental health struggles.

13. In the operation of Brewer Medical Center in Brewer, Maine, the Defendant held itself out as a health care facility in which Defendant's employees would use that degree of care, skill, diligence and attention exercised by hospitals generally.

14. On or about November 22, 2022, Brewer Medical Center was providing critical medical services to members of the Penobscot County community and Tessa L. Hauser was a resident in Penobscot County.

15. At all material times, Brewer Medical Center was operated by the Defendant, and Defendant acted through employees, including doctors, physician's assistants, nurses and other personnel over which Defendant exercised control and supervision.

16. At all material times, Hailey A. Geoghegan, FNPC, Caitlin Huff, CCMA and Stephanie Cole, PMNHP were employees of Brewer Medical Center over whom Defendant exercised control and supervision.

17. On or about November 20, 2022, Tessa L. Hauser was hospitalized twice for back-to-back drug overdoses.

18. St. Joseph Hospital's Emergency Department held Tessa L. Hauser overnight after her second overdose and discharged her on November 21, 2022, at approximately 1:00 pm to follow-up the next day with her primary care physician at Brewer Medical Center to obtain care and treatment for her addiction, withdrawal and mental state.

19. On November 22, 2022, Tessa L. Hauser was under the care of employees of Brewer Medical Center operated by Defendant.

20. On November 22, 2022, when Tessa L. Hauser arrived at Brewer Medical Center for her appointment, employees of Defendant, including but not limited to Hailey E. Geoghegan, FNPC, Caitlin Huff, CCMA and Stephanie Cole, PMNHP at Brewer Medical Center, had an affirmative duty to evaluate her and provide treatment to her for

addiction, withdrawal symptoms, and her state of mind, including providing psychiatric evaluation and treatment, residential treatment options, or involuntarily committing her for her mental illness because she posed a danger to herself.

21. On or about November 22, 2022, Brewer Medical Center breached its duty to provide medical care and treatment pursuant to applicable standards of medicine; specifically, the providers and employees of Brewer Medical Center failed to see, evaluate, assess, treat, or involuntarily commit Tessa L. Hauser, instead allowing her leave the facility whereupon she died from a drug overdose hours later.

## COUNT I - NEGLIGENCE/WRONGFUL DEATH
## 18-C M.R.S. § 2-807(2)

22. Plaintiff hereby incorporates paragraphs 1-21 as though fully set forth herein.

23. At all material times Brewer Medical Center, and its providers and employees were acting within the scope of their employment and under the supervision and control of Defendant.

24. Brewer Medical Center, and its providers and employees breached the applicable standard of medical care for medical providers by carelessly and negligently failing to provide medical care and treatment to Tessa L. Hauser despite her prescheduled appointment, vulnerable state, and medical necessity that she be seen, evaluated, and treated.

25. Brewer Medical Center and its providers and employees negligently failed to provide care and treatment to Tessa L. Hauser, including failure to evaluate her, assess her, treat her and involuntarily commit her even though she posed a clear and present danger to herself.

26. Tessa L. Hauser died from an overdose of drugs later that day, November 22, 2022.

27. As the direct and proximate result of the aforesaid careless and negligent conduct, the Estate suffered pecuniary losses including medical expense, funeral expense and burial expenses and other expenses relating to the demise of Tessa L. Hauser.

28. As direct and proximate result of Defendant's careless and negligent conduct, Tessa L. Hauser suffered an untimely death and her surviving minor child, K.H., experienced non-pecuniary losses including the loss of comfort, society, and companionship, including damages for emotional distress arising from the same facts. Plaintiff demands judgment in the amount of $750,000.00 dollars in the claim of wrongful death in accordance with statutory limitations, including statutory interest and costs.

29. The United States of America is legally responsible for these damages caused by the negligence of Brewer Medical Center and its providers and employees Geoghegan, Huff, Cole, and others at Brewer Medical Center involved in the failure to provide care and treatment to Tessa L. Hauser.

### COUNT II - NEGLIGENCE/CONSCIOUS SUFFERING/LOSS OF ENJOYMENT OF LIFE
### 18-C M.R.S. § 2-807(3)

30. Plaintiff hereby incorporates paragraphs 1-29 as though fully set forth herein.

31. The aforesaid careless and negligent failure of the staff of Brewer Medical Center and its agents, providers and employees to provide the required standard of care (including evaluation and treatment) proximately caused Tessa Hauser to experience conscious suffering and loss of enjoyment of life until a subsequent drug overdose and death hours later for which Plaintiff demands judgment in the amount of $500,000.

32. The United States of America is legally responsible for this conscious suffering and loss of enjoyment of life caused by the negligence of its providers and employees

Geoghegan, Huff, Cole, and others at Brewer Medical Center involved in the failure to provide care and treatment to Tessa L. Hauser.

## PRAYER FOR RELIEF

WHEREFORE, Debra McCue, as Personal Representative of the Estate of Tessa Hauser, on behalf of the Estate and the survivor K.H. requests that judgment be entered in favor of the Plaintiff and against the Defendant for damages, which this Court deems reasonable, together with interest and costs.

Dated:  August 20, 2025

/s/ Scott J. Lynch
Scott J. Lynch, Esquire
Maine Bar No. 7314
261 Ash Street
P.O. Box 116
Lewiston, ME  04243-0116
slynch@hlrvd.com
Tel. 1-207-786-6641
Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 20, 2025, I electronically filed the foregoing Amended Complaint with the United States District Court by using the ECF system. I certify that the following parties or their counsel of record are registered as ECF Filers and that they will be served by the ECF system.

Andrew K. Lizotte, Esq.
Office of the US Attorney
202 Harlow Street, Room 111
Bangor, ME  04401-4919

/s/ Scott J. Lynch
Scott J. Lynch, Esquire
Maine Bar No. 7314
261 Ash Street
P.O. Box 116
Lewiston, ME  04243-0116
slynch@hlrvd.com
Tel. 1-207-786-6641
Attorney for Plaintiff